**LEX COMPUTER & MANAGEMENT CORP., Plaintiff,**

v.

**CBS INC., Defendant.**

**No. 88 Civ. 0360(MEL).**

United States District Court,
S.D. New York.

May 17, 1988.

Simon V. Haberman, P.C., New York City, for plaintiff.

Frank W. Ford, Jr., Carl Oppedahl, Brumbaugh, Graves, Donohue & Raymond, New York City (Douglas P. Jacobs, Helen M. Gold, Madeleine Schachter, CBS Inc., New York City, of counsel), for defendant.

LASKER, District Judge.

In this action to declare a patent invalid and non-infringed, defendant CBS, Inc. ("CBS") moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(1). CBS argues that there is no actual controversy between plaintiff Lex Computer and Management Corp. ("Lex") and CBS, and hence, this court lacks subject matter jurisdiction under 28 U.S.C. § 2201. The motion is granted.

*Background*

The declaratory judgment action arises out of a controversy surrounding a CBS patent, registered as Ettlinger U.S. Pat. No. 3,721,757 ("Ettlinger patent"), for "Method and Apparatus for Automatically Editing Television Information." On January 23, 1987, CBS contacted Montage Computer Corporation, asserting that Montage was "selling and offering for sale a video tape editing system identified as 'Picture Processor'" and stating that the Ettlinger patent was "pertinent to that video editing system." [1] CBS offered Montage Computer Corp. a non-exclusive license to make and sell the editing system according to a royalty agreement. Attorneys representing Montage Computer Corp. responded to CBS in a letter dated April 8, 1987, declining to accept the licensing agreement offered by CBS and asserting that the Ettlinger patent is not "pertinent" to the "Picture Processor" editing system. [2] In a July 2, 1987 letter from CBS to Montage Group, Ltd. ("Montage Group"), apparently a successor corporation to Montage Computer Corp., CBS renewed its licensing offer and clearly stated its belief that the Montage "Picture Processor" infringes on the Ettlinger patent. [3]

Lex and Montage Group as co-plaintiffs then filed an action against CBS and various other defendants in the United States District Court for the District of New Hampshire, seeking, *inter alia*, a declaratory judgment that the Ettlinger patent is invalid and non-infringed. The declaratory judgment claims in that action were dismissed in November 1987 for improper venue, *see Lex v. Eslinger*, 676 F.Supp. 399 (N.H.1987), and the other claims were dismissed for lack of prosecution on January 27, 1988. Lex as sole plaintiff brought the present declaratory judgment action on January 18, 1988.

*Discussion*

CBS argues that this action must be dismissed because it has never threatened Lex, the sole plaintiff in this case, with an infringement action and the only actual controversy lies between Montage Group and CBS. Lex responds that it has purchased all the assets and patents of Montage Computer Corp., including U.S. Patent No. 4,538,188 ("Lex patent"), and that it then granted Montage Group a non-exclusive license to produce the Picture Processor under the newly acquired Lex patent. Lex argues that, as a result, the issue for purposes of this motion is not whether an actual controversy exists between CBS and Lex, but whether Montage, Lex's limited licensee under the Lex patent, is a necessary party in the action.

Declaratory judgment jurisdiction under 28 U.S.C. § 2201 must be predicated on the existence of a case or controversy between the parties. In the context of a declaratory action for a finding of patent infringement and invalidity, an actual controversy exists between the plaintiff alleged infringer and the defendant patent holder if 1) the patent holder has charged the plaintiff with infringement or threatened to bring an infringement action, either

---

1. *See* Plaintiff Exhibit ("PX") E.

2. *See* PX C.

3. *See* PX B.

directly or indirectly, and 2) the plaintiff alleged infringer has actually produced or is prepared to produce the supposedly infringing product. *See Mine Safety Appliance Co. v. Energetics Science, Inc.,* 416 F.Supp. 530, 531 (S.D.N.Y.1976); *accord Jervis B. Webb Co. v. Southern Systems, Inc.,* 742 F.2d 1388, 1399 (Fed.Cir.1984) (patent declaratory action plaintiff must face "reasonable apprehension" of infringement suit).

■ In this action, the first requirement necessary to demonstrate that an actual controversy exists is not satisfied because Lex has failed to allege that CBS has charged Lex with infringement or threatened any action against Lex. Clearly, CBS has charged Montage Group with infringement,[4] but this does not satisfy the "reasonable apprehension" requirement with respect to Lex. The second requirement is not met because Lex has not alleged that it has ever produced or plans to produce the allegedly infringing picture processor. Accordingly, the two requirements necessary to demonstrate that an actual controversy exist have not been satisfied.

Lex cites *Volkswagen of America, Inc. v. Engelhard Minerals & Chemicals Corp.,* 401 F.Supp. 1210 (S.D.N.Y.1975), as support for the proposition that an actual controversy can exist in a case in which the plaintiff has not himself been charged or threatened with an infringement action. In *Volkswagen,* the plaintiff, Volkswagen of America ("VWA"), filed a declaratory judgment action for a finding that a catalytic converter contained in certain Volkswagens sold in the United States did not infringe patents held by defendant Engelhard Minerals & Chemicals Corp. Engelhard moved to dismiss for lack of subject matter jurisdiction, arguing that only VWA's European parent corporation, Volkswagen of Germany, was charged with infringement and threatened with litigation.

The *Volkswagen* court denied the motion to dismiss, holding that "[i]ndirect, as well as direct, charges of infringement may be sufficient to support a declaratory judgment action," 401 F.Supp. at 1213–14, be-

cause "any infringement charge against VWG ... create[d] a very significant risk of suit for VWA, the wholly owned subsidiary of VWG and the sole importer and distributor of Volkswagens in the United States." *Id.*

Here, in contrast, there is no reason why CBS' correspondence with Montage Group should give Lex any apprehension of litigation. Lex does not make or sell the allegedly infringing picture processor. Although Montage Group and Lex may be related corporations, Lex has not alleged a link between them similar to the link between VWA and its European parent, such that a charge of infringement against Montage Group would create "a very significant risk of suit" against Lex.

Finally, Lex's claim that it owns another patent, U.S. Patent 4,538,188, and that Montage is Lex's limited licensee under this patent is irrelevant to the issue whether an actual controversy exists between CBS and Lex in the present action. CBS alleges that Montage is infringing on the CBS patent Ettlinger U.S. Pat. No. 3,721,-757. The fact that Lex has licensed *another* patent to Montage does not entitle Lex to bring a declaratory judgment action alleging that the CBS patent is invalid.

Finally, the possibility of substituting or adding Montage Group as a plaintiff in this action was discussed with the parties, but Lex indicated that it had no interest in such a rearrangement. Lex, however, offered no reason why substitution or addition of Montage Group would prejudice Lex's interests. Indeed, Lex and Montage Group brought the New Hampshire litigation alleging similar claims as co-plaintiffs, without any apparent prejudice.

Accordingly, the motion to dismiss pursuant to Rule 12(b)(1) is granted.

It is so ordered.

---

4. *See* PX B.